UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PHILIP PEAKE,

        Plaintiff,

                                          Case No.   05-72520

v.

                                          HONORABLE DENISE PAGE HOOD

NATIONAL CITY BANK OF MICHIGAN,

        Defendant.
_____/

**ORDER RE VARIOUS MOTIONS IN LIMINE**

**I.   INTRODUCTION**

This matter is before the Court are the parties' various Motions in Limine. On August 29, 2006, Defendant filed the following Motions in Limine: (1) to Bar Any Expert Evidence; (2) to Bar Any Claim that Grant of Loans by Other Banks Shows Defendant Discriminated Because of Race in Granting Loans; (3) to Bar Any Claim for Back Pay and/or Front Pay Damages After January 3, 2006; (4) to Bar Any Claim that Plaintiff was Discriminated Against Because of His Race; (5) to Bar Any Evidence of Other Litigation; (6) to Bar Any Documents Not Produced by Plaintiff in Discovery; (7) to Bar Any Evidence of Defendant's Alleged Discrimination Not Known to Plaintiff When he Allegedly Opposed Discrimination. On September 1, 2006, Plaintiff filed a Motion in Limine to Exclude Witnesses.

**II.   STATEMENT OF FACTS**

Plaintiff, Philip Peake, is an African American man who was employed as a Small Business Banking Officer with Defendant, National City Bank of Michigan. (Compl. ¶¶ 6-7). Plaintiff claims

that Defendant failed to support him in closing business loans for applicants within the City of Detroit, while supporting non-black Small Business Bank Officers with identical credit worthy business applicants outside the City of Detroit. (Compl. ¶ 11). Plaintiff further alleges that Defendant disciplined Plaintiff for lack of production, even though Plaintiff lost loans he had secured due to lack of support. (Compl. ¶ 12). Plaintiff also asserts that he complained of the alleged discriminatory treatment to Defendant on or about October 13, 2004. (Compl. ¶ 17). Plaintiff's employment was terminated on April 22, 2005. (Compl. ¶ 20). Plaintiff filed the Complaint on June 24, 2005, alleging race discrimination and retaliation in violation of Title VII.

### III.     APPLICABLE LAW & ANALYSIS

The parties' Motions in Limine are unopposed.

**A.     Defendant's Motions in Limine**

**1.     Defendant's Motions in Limine  to Bar Any Expert Evidence**

Defendant asserts that Plaintiff has never identified any expert witnesses or made any expert witness disclosures as required by Fed. R. Civ. P. 26(a)(2), however, Plaintiff nonetheless has listed a number of potential witnesses. None of these witnesses are designated as expert witnesses by Plaintiff. Defendant contends that the witnesses listed by Plaintiff are from interest organizations with no personal involvement in the events relating to this litigation. Defendant argues that Plaintiff intends to call these witnesses to demonstrate that Defendant generally discriminates in lending, when the only issue remaining in the case is whether Plaintiff was unlawfully retaliated against in violation of Title VII. Defendant asserts that these witnesses should be excluded pursuant to F.R.E. 401 as irrelevant, 402 as inadmissible, and 403 as tending to cause unfair confusion or prejudice.

Defendant argues, "[a] jury might think the issue in the case was whether Defendant discriminated in lending or might rule for Plaintiff if it believed that Defendant had done so." (Def.'s Mot. in Limine to Bar Any Expert Evidence at 3).

Defendant argues that the testimony Plaintiff intends to introduce relating to Defendant's lending practices and patterns requires expert testimony based on "scientific, technical or other specialized knowledge," as required by F.R.E. 702. Defendant also asserts that Plaintiff has listed as exhibits certain trial charts purporting to show Defendant's lending patterns, however, Defendant contends that Plaintiff has not provided any foundation for these charts and they are nonetheless irrelevant.

Since Plaintiff has not made any expert witness disclosures as required by Fed. R. Civ. P. 26(a)(2), Plaintiff is precluded from presenting expert witness testimony at trial. Regarding the other witnesses Plaintiff proposes to call at trial, without more information regarding the specific testimony of each witness, the Court is unable to bar the testimony of any particular witness. However, Plaintiff is precluded from introducing witness testimony or exhibits bearing on Defendant's general lending practices or allegations of Defendant's discriminatory lending practices, except insofar as this testimony may show the actions or bases for which Plaintiff claims he was retaliated against. The Court finds these issues are otherwise not relevant to the instant action and have potential to confuse the issues and unfairly prejudice the Defendant.

Defendant's Motion in Limine to Bar Any Expert Evidence is GRANTED IN PART.

**2.    Defendant's Motion in Limine to Bar Any Claim for Back Pay and/or Front Pay Damages After January 3, 2006**

Defendant asserts that Plaintiff has failed to mitigate damages by not seeking other

employment following his April 22, 2005 discharge. Defendant contends that in response to Defendant's Interrogatories, which were served on January 3, 2006, Plaintiff states that he unsuccessfully applied for employment with 14 potential employers between the date of discharge and the date of his interrogatory answers. However, at his July 12, 2006 deposition, Plaintiff testifies that he unsuccessfully applied for only one job since January 3, 2006. Defendant argues that one job application after January 3, 2006 is not a reasonable attempt to obtain other employment and Plaintiff should not be allowed to recover back pay and/or front pay damages for any period after January 3, 2006. (citing *Conetta v. Nat'l Hair Care Ctrs., Inc.*, 236 F.3d 67 (1st Cir. 2001))

Plaintiffs alleging violations of Title VII are required to engage in reasonable efforts to mitigate damages by seeking employment. *Coley v. Consolidated Rail Corp.*, 561 F.Supp. 645 (E.D. Mich. 1982). The reasonableness of Plaintiff's efforts to obtain other employment, as it relates to mitigation damages and recovery of back and front pay, is not properly before the Court on a Motion in Limine and is a question of fact to be determined by the jury. Defendant's Motion in Limine to Bar Any Claim for Back Pay and/or Front Pay Damages After January 3, 2006 is DENIED.

### 3. Defendant's Motion in Limine to Bar Any Evidence of Other Litigation

Defendant asserts that Plaintiff intends to rely upon, or may refer to, four other lawsuits involving Defendant or banks acquired by Defendant.

#### a. *JAT, Inc. et. al. v. National Bank of the Midwest, et. al.* (2:06-CV-11937 (E.D. Mich.)

*JAT* is a putative class action currently before Judge Nancy Edmonds of this Court. The action is brought under the Fair Housing Act, Equal Credit Opportunity Act and the Civil Rights Act. Similar to the objections made above to the introduction of witnesses bearing on Defendant's

general lending patters, Defendant argues that the fact that it is being sued for lending discrimination by Plaintiff [1] and others is irrelevant to Plaintiff's claim of retaliation. With respect to the admission of the *JAT* lawsuit, the Court agrees. Plaintiff is prohibited from making reference to, or otherwise relying on, *JAT, Inc. et. al. v. National Bank of the Midwest, et. al.* except to establish his complaint and the bases for the alleged retaliation. Defendant's Motion in Limine is GRANTED IN PART.

    **b.**  *Gibson v. First of America*, **Case No. 98-80448 NZ (Wayne County Cir. Ct.)**

Defendant argues that Plaintiff should be barred from introducing evidence relating to the *Gibson* lawsuit "or asserting that it establishes that Plaintiff could not have been fired for the conduct of which he was accused." (Def.'s Mot. in Limine to Bar Any Evidence of Other Litigation at 4). Defendant points to Plaintiff's Brief in Opposition to Defendant's Motion for Summary Judgment and accompanying Affidavit. In these documents, Plaintiff asserts that as a result of the *Gibson* case, Plaintiff could not be terminated for making a referral in violation of bank policy.

Defendant states that the *Gibson* case was settled without adjudication on the merits and was filed, not against Defendant, but against a bank acquired by Defendant after Plaintiff was discharged. Defendant argues that evidence of the *Gibson* suit is irrelevant and inadmissible, pursuant to F.R.E.'s 401 and 402, because plaintiff Gibson made claims of race discrimination spanning a 17 year period and there has been no showing that the conduct resulting in Gibson's firing was similar to that which Plaintiff alleges.

Evidence relating to the *Gibson* case is only relevant inasmuch as it goes to the state of mind

---

[1] The Court notes that as of October 27, 2006, Plaintiff is no longer a party to the *JAT* case.

of officials at Defendant bank in discharging Plaintiff. However, given the potential for confusion, introduction of such evidence is limited to that issue and subject to foundation and relevancy based objections at trial. Defendant's Motion in Limine is DENIED without prejudice.

> c. *Abdul-Rahman v. National City Bank of Indiana*, **Case No. 1:06-CV-00654 (S.D. Ind.) and** *Chika-Jaffal v. National City Mortgage Co.*, **Case No. 2:05-CV-73374 (E.D. Mich)**

Defendant contends that plaintiffs in *Abdul-Rahman* and *Chika-Jaffal* allege discharge for various unlawful reasons, which are irrelevant to the instant case. Specifically, Defendant argues that plaintiffs in *Abdul-Rahman* and *Chika-Jaffal* worked in different business units than Plaintiff in the instant case, in different jobs and with different supervisors. Defendant further asserts that these lawsuits are currently pending and in the early stages of discovery.

As Plaintiff has not demonstrated the relevance of these lawsuits to the current action, Plaintiff is precluded from making mention of *Abdul-Rahman v. National City Bank of Indiana* and *Chika-Jaffal v. National City Mortgage Co.* Defendant's Motion in Limine is GRANTED.

> **4.    Defendant's Motion in Limine to Bar Any Documents Not Produced by Plaintiff in Discovery**

Defendant requests an order barring Plaintiff from introducing or relying upon documents in his possession not produced during discovery. On February 1, 2006, Defendant served on Plaintiff its First Request for Production of Documents, seeking all documents supporting allegations of the Complaint and Plaintiff's claim for damages. Plaintiff produced documents responsive to Defendant's request. Defendant contends that at Plaintiff's July 12, 2006 deposition, it became apparent that Plaintiff had documents responsive to Defendant's document requests, which were not

produced. Defendant further asserts that Plaintiff's exhibit list details additional documents not produced in discovery. Defendant has requested, in writing, the production of such documents, as well as any other documents responsive to Defendant's document request not otherwise produced, however, no additional documents have been produced.

Defendant's Motion in Limine is GRANTED, unless Plaintiff can demonstrate such documents were produced during discovery.

### B. Plaintiff's Motion in Limine to Exclude Witnesses

Plaintiff asserts that on January 24, 2006, Defendant filed its witness list, identifying twenty-eight witnesses. Plaintiff argues that at the time of compiling the final pretrial order, Defendant identified eleven additional witnesses not on the earlier witness list. Plaintiff points to LCR 16.2(8) prohibiting the listing of witnesses on a trial witness list not included on a witness list submitted under a prior order. Plaintiff asserts that he will be prejudiced by these additional witnesses because discovery as to these witnesses is not possible. Plaintiff requests the Court order that these eleven witnesses be excluded from testifying at trial.

Plaintiff's Motion in Limine is GRANTED, unless Defendant can show good cause why such witnesses were not disclosed earlier and Defendant makes these witnesses available for interview or deposition.

Accordingly,

IT IS ORDERED that the following Motions are GRANTED, as Plaintiff's Title VII race discrimination claim has been dismissed: Defendant's Motion in Limine to Bar Any Claim that Grant of Loans by Other Banks Shows Defendant Discriminated Because of Race in Granting Loans

**[Docket No. 34, filed August 29, 2006]**; Defendant's Motion in Limine to Bar Any Claim that Plaintiff was Discriminated Against Because of His Race **[Docket No. 36, filed August 29, 2006]**; and Defendant's Motion in Limine to Bar Any Claim that Plaintiff was Discriminated Against Because of His Race **[Docket No. 39, filed August 29, 2006]**.

IT IS FURTHER ORDERED that Defendant's Motion in Limine to Bar Any Expert Evidence **[Docket No. 33, filed August 29, 2006]** is GRANTED IN PART.

IT IS ORDERED that Defendant's Motion in Limine to Bar Any Claim for Back Pay and/or Front Pay Damages After January 3, 2006 **[Docket No. 35, filed August 29, 2006]** is DENIED.

IT IS ORDERED that Defendant's Motion in Limine to Bar Evidence of Other Litigation **[Docket No.37, filed August 29, 2006]** is:

a. GRANTED IN PART with respect to *JAT, Inc. et. al. v. National Bank of the Midwest, et. al.*;

b. DENIED without prejudice with respect to *Gibson v. First of America*;

c. GRANTED with respect to *Abdul-Rahman v. National City Bank of Indiana* and *Chika-Jaffal v. National City Mortgage Co.*

IT IS ORDERED THAT Defendant's Motion in Limine to Bar Any Documents Not Produced by Plaintiff in Discovery **[Docket No. 38, filed August 29, 2006]** is GRANTED.

IT IS ORDERED THAT Plaintiff's Motion in Limine to Exclude Witnesses **[Docket No. 48, filed September 1, 2006]** is GRANTED.

                                        S/ DENISE PAGE HOOD
                                        DENISE PAGE HOOD
                                        United States District Judge

DATED:_____