UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**PHILIP PEAKE,**

      **Plaintiff,**

                                  Case No.     05-72520

v.

                                  **HONORABLE DENISE PAGE HOOD**

**NATIONAL CITY BANK OF MICHIGAN,**

      **Defendant.**

_____/

**MEMORANDUM OPINION AND ORDER**

**I.    INTRODUCTION**

This matter is before the Court on Defendant's Motion for Summary Judgement, filed March 7, 2006. Plaintiff filed a Response on March 28, 2006, and Defendant filed a Reply on April 14, 2006.

**II.    STATEMENT OF FACTS**

Plaintiff, Philip Peake, is an African American man who was employed as a Small Business Banking Officer with Defendant, National City Bank of Michigan. (Compl. ¶¶ 6-7). Plaintiff claims that Defendant failed to support him in closing business loans for applicants within the City of Detroit, while supporting non-black Small Business Bank Officers with identical credit worthy business applicants outside the City of Detroit. (Compl. ¶ 11). Plaintiff further alleges that Defendant disciplined Plaintiff for lack of production, even though Plaintiff lost loans he had secured due to lack of support. (Compl. ¶ 12). Plaintiff also asserts that he complained of the alleged discriminatory treatment to Defendant on or about October 13, 2004. (Compl. ¶ 17).

Plaintiff's employment was terminated on April 22, 2005. (Compl. ¶ 20). Plaintiff filed the Complaint on June 24, 2005, alleging race discrimination and retaliation in violation of Title VII.

### III.  STANDARD OF REVIEW

The standard that must be satisfied to secure a dismissal via summary judgment is high. Pursuant to Rule 56(c), summary judgment may only be granted in cases where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." The moving party bears the burden of showing no dispute as to any material issue. *Equal Employment Opportunity Comm'n v. MacMillan Bloedel Containers, Inc.*, 503 F.2d 1086, 1093 (6th Cir. 1974). A dispute must be evident from the evidence in order to deny such a motion. Such a dispute must not merely rest upon the allegations or denials in the pleadings, but instead must be established by affidavits or other documentary evidence. Fed.R.Civ.P. 56(e). When ruling, the Court must consider the admissible evidence in the light most favorable to the non-moving party. *Sagan v. United States of Am.*, 342 F.3d 493, 497 (6th Cir. 2003).

### IV.  APPLICABLE LAW & ANALYSIS

#### A.  Race Discrimination

Plaintiff alleges that Defendant discriminated against him based on race in violation of Title VII. Title VII cases are analyzed under the burden shifting approach developed in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1972). A *prima facie* case can be made either by presenting direct evidence of intentional discrimination or by circumstantial evidence that creates an inference of discrimination. *Talley v. Bravo Pitino Res., Ltd.*, 61 F.3d 1241, 1246 (6th Cir. 1995). Pursuant

to *McDonnell Douglas*, there are three elements of a Title VII case based on circumstantial evidence: (1) the plaintiff must establish a *prima facie* case of discrimination; (2) if the plaintiff makes out a *prima facie* case, the defendant may offer a legitimate, nondiscriminatory reason in response; (3) if the defendant offers a reason, the burden is on the plaintiff to rebut the proffered reason by showing that the reason was a pretext to mask discrimination. *Wexler v. White's Fine Furniture, Inc.*, 317 F.3d 564, 574 (6th Cir. 2003).

### 1.     *Prima Facie* Case of Race Discrimination

Under *McDonnell Douglas*, a *prima facie* case and a presumption of discrimination is demonstrated by a showing that the plaintiff: (1) belongs to a protected class; (2) was subjected to an adverse employment action; (3) was qualified for the job; and (4) was treated differently from similarly situated employees who were not members of the protected class. *McDonnell Douglas*, 411 U.S. at 802; *Talley v. Bravo Pitino Restaurant*, 61 F.3d 1241, 1246 (6th Cir. 1995); *Wilcoxon v. Minnesota Mining & Mfg. Co.*, 235 Mich.App. 347, 361 (1999). A *prima facie* case of discrimination under Title VII is shown by a preponderance of the evidence. *Id.*

Defendant argues that Plaintiff cannot establish the third and fourth prongs of the *McDonnell Douglas* analysis, namely that the Plaintiff was qualified for the job and that Plaintiff was treated differently from similarly situated employees outside of the protected class. Defendant does not dispute that Plaintiff is a member of a protected class or that he was subject to an adverse employment action.

In order to show that he was qualified for the position, the Plaintiff must show that he was "performing his job at a level which met his employer's legitimate expectations." *McDonald v. Union Camp Corp.,* 898 F.2d 1155, 1160 (6th Cir. 1990), quoting *Huhn v. Koehring*, 718 F.2d 239,

243 (7th Cir. 1983) (internal quotations omitted).  A material issue of fact is not raised by merely challenging the judgment of the plaintiff's supervisors.  *Id*.  Plaintiff does not submit sufficient facts to establish a *prima facie* case of racial discrimination under Title VII.[1]  Plaintiff presents facts supporting his contention that he was qualified for the job, as required by prong three.  (Pl.'s Resp. at 4-6, Ex.'s 1-8).  However, Plaintiff has presented no evidence demonstrating that he was treated differently from similarly situated employees who were not members of the protected class. Namely, Plaintiff alleges that he was treated differently than non-white Small Business Bank Officers, however, presents no evidence relative to these non-white Small Business Bank Officers. Plaintiff has not met his burden of establishing a *prima facie* case of race discrimination claim. Summary judgment is appropriate as to Plaintiff's claim of racial discrimination.

**B.    Retaliation**

Defendant also seeks summary judgment on Plaintiff's retaliation claim.  (Def.'s Reply at 3-4).  Defendant, however, does not address the merits of the retaliation claim in the Motion for Summary Judgment.  Instead, Defendant discusses Plaintiff's retaliation claim in the Reply, after Plaintiff indicates that Defendant failed to argue the retaliation claim in the Motion for Summary Judgment.  Defendant argues that it is not seeking partial summary judgement and that it "rather clearly seeks dismissal of Peake's entire Complaint."  (Def.'s Reply at 4).  Despite Defendant's assertion, the Motion for Summary Judgment only makes scant mention of Plaintiff's retaliation claim and completely fails to address the merits of the claim itself.  Defendant further argues that

---

[1] In his responsive brief, Plaintiff states that, in its Motion for Summary Judgment, Defendant addresses Count I of racial discrimination, but fails to address Count II, retaliation. Plaintiff proceeds to address his retaliation claim, but fails to address relevant law relating to his racial discrimination claim.

Plaintiff "goes to great effort to try to convince the court that he can establish a *prima facie* case of retaliatory discharge," and as such Defendant essentially argues that Plaintiff is estopped from benefitting from Defendant's failure to address the retaliation claims. The extent of Plaintiff's argument, as to the establishment of a *prima facie* case of retaliation, is to say that there is no dispute as to whether a retaliation claim was made.

An argument raised for the first time in a reply brief is not to be considered by the court. *Overstreet v. Lexington-Fayette Urban County Gov't*, 305 F.3d 566, 578 (6th Cir. 2002), citing *Wright v. Holbrook*, 794 F.2d 1152, 1156 (6th Cir. 1986). Since Defendant failed to mention the merits of Plaintiff's retaliation claim in the Motion for Summary Judgment, the Court will not consider the retaliation arguments raised in Defendant's Reply. At this time, summary judgment is not appropriate as to Plaintiff's retaliation claim.

Accordingly,

IT IS HEREBY ORDERED that Defendant's Motion for Summary Judgment **[Docket No. 13, filed March 7, 2006]** is GRANTED IN PART and DENIED without prejudice IN PART.

IT IS FURTHER ORDERED that Count I, Violation of Title VII (racial discrimination) is DISMISSED.

                                                      S/ DENIS E PAGE HOOD
                                                      DENISE PAGE HOOD
                                                      United States District Judge

DATED: March 27, 2007

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 27, 2007, by electronic and/or ordinary mail.

                                                       S/William F. Lewis
                                                       Case Manager