**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**PHILIP PEAKE,**

                    **Plaintiff,**

                                             **Case No.      05-72520**

**v.**

                                             **HONORABLE DENISE PAGE HOOD**

**NATIONAL CITY BANK OF MICHIGAN,**

                    **Defendant.**

_____/

## <u>MEMORANDUM OPINION AND ORDER</u>

## I.      INTRODUCTION

This matter is before the Court on Defendant's Motion to Strike and Bar Any Claim by Plaintiff Under the Fair Housing Act and 42 U.S.C. Section 1981, filed July 6, 2007. Plaintiff filed a Response on July 16, 2007 and Defendant filed a Reply on July 23, 2007. Also before the Court is Defendant's Motion for a Protective Order, filed August 1, 2007.

## II.     STATEMENT OF FACTS AND PROCEDURAL HISTORY

Plaintiff, Philip Peake, is an African American man who was employed as a Small Business Banking Officer with Defendant, National City Bank of Michigan. (Compl. ¶¶ 6-7). Plaintiff claims that Defendant failed to support him in closing business loans for applicants within the City of Detroit, while supporting non-black Small Business Bank Officers with identical credit worthy business applicants outside the City of Detroit. (Compl. ¶ 11). Plaintiff further alleges that Defendant disciplined Plaintiff for lack of production, even though Plaintiff lost loans he had secured due to lack of support. (Compl. ¶ 12). Plaintiff also asserts that he complained of the

1

alleged discriminatory treatment to Defendant on or about October 13, 2004. (Compl. ¶ 17). Plaintiff's employment was terminated on April 22, 2005. (Compl. ¶ 20).

Plaintiff filed a two count Complaint on June 24, 2005, alleging violation of Title VII (race discrimination - Count I) and retaliation in violation of Title VII (Count II). In Count II, paragraph 21, Plaintiff states, "Federal law prohibits retaliation against an individual who has opposed discrimination." (Compl. ¶ 21). Defendant filed a Motion for Summary Judgment on March 7, 2006. Plaintiff filed a Response on March 28, 2006 and Defendant filed a Reply on April 14, 2006. On October 12, 2006 and November 7, 2006 Plaintiff filed Supplemental Briefs in Response to Defendant's Motion for Summary Judgment. Defendant filed a Response to Plaintiff's Supplemental Briefs on November 14, 2006.

On March 27, 2007, this Court issued a ruling on Defendant's Motion for Summary Judgement, dismissing Count I, violation of Title VII (racial discrimination). (Memorandum Opinion and Order, Docket No. 53). The same day, the Court also issued a ruling on the parties' Motions in Limine. On May 29, 2007 the parties appeared for a Final Pretrial Conference and Plaintiff's counsel stated that Plaintiff intended to proceed on retaliation claims under 42 U.S.C. § 1981 and the Fair Housing Act ("FHA"), 42 U.S.C. § 3617, as well as retaliation under Title VII.

III.    APPLICABLE LAW & ANALYSIS

Plaintiff describes the controlling law for his retaliation claim in Count 2 of the Complaint as follows: "Count 2 - Retaliation" of the Complaint states, "Federal law prohibits retaliation against an individual who has opposed discrimination." (Compl. ¶ 21). In the Joint Final Pretrial Order under "Plaintiff's Claims," Plaintiff states, "[t]he plaintiff alleges that he was retaliated against for

opposing conduct that is prohibited under Title VII, 42 U.S.C. 1981 and/or the Fair Housing Act as amended, 42 U.S.C. 3617, as mentioned in the Notice of Additional Authorities Plaintiff filed with this [C]ourt on November 7, 2006 (Docket No. 50)."  (Joint Final Pretrial Order at 2).

Defendant brings the instant Motion to Strike and bar any of Plaintiff's claims brought pursuant to 42 U.S.C. § 1981 and the Fair Housing Act ("FHA"), 42 U.S.C. § 3617.  Defendant maintains that Plaintiff's Complaint and other pleadings demonstrate that Plaintiff has only asserted claims under Title VII.  Specifically, Defendant asserts that in Plaintiff's Response to Defendant's Motion for Summary Judgment, Plaintiff cites only Title VII and cases under Title VII.  Likewise, Defendant points out that Plaintiff only refers to Title VII in his Response to Defendant's Motion in Limine and the "Pre-Trial Order originally tendered in this case included issues of fact and law agreed to by Plaintiff under and specific to Title VII only."  (Def.'s Mot. to Strike at 5).

Defendant argues that the Complaint does not provide Defendant fair notice that claims are being asserted under the FHA and § 1981.  Defendant argues that Plaintiff does not purport to assert claims under the FHA or § 1981 until the Notice of Additional Authorities, filed November 7, 2006.  Defendant maintains that permitting Plaintiff to assert these claims at such a late date violates the basic rules of pleading.  *See Gazette v. City of Pontiac*, 41 F.3d 1061, 1064 (6th Cir. 1994) ("While . . . a complaint need not set down in detail all the particularities of a plaintiff's claims, the complaint must give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.").  Plaintiff asserts that Defendant can hardly argue lack of notice, when there has been notice since November of 2006.  Without supporting authority, Plaintiff further argues that the Notice of Additional Authorities relates back to the date of the Complaint.

With respect to Plaintiff's § 1981 retaliation claim, Plaintiff argues that Defendant was on

notice by virtue of the filings and rulings in a case currently before Judge Nancy Edmunds, *JAT, Inc. et. al. v. National City Bank of the Midwest, et. al.*, Case No. 06-11937. Specifically, Plaintiff argues that Defense counsel in the instant case is also counsel in *JAT* and, in ruling on defendants' 12(b)(6) motion, Judge Edmunds did not dismiss plaintiff's § 1981 retaliation claim. Plaintiff further argues that, because the proofs for Title VII and § 1981 retaliation claims are the same and the claims arise out of the same facts, no additional discovery is necessary to defend against a § 1981 retaliation claim.

With respect to Plaintiff's claim under the FHA, Plaintiff states that the fact that he did not state the specific claims he was asserting in his complaint should not preclude relief. *See Westlake v. Lucas*, 537 F.2d 857, 858 (6th Cir. 1976) ("A complaint need not set down in detail all the particularities of a plaintiff's claim"). Plaintiff asserts that his claim under the FHA is that "he aided and encouraged a number of African-American loan applicants, including 3M and Pathways Development, to exercise their rights under the FHA. Defendant interfered with Plaintiff's right, in violation of § 3617, by terminating Plaintiff in retaliation for protesting their discriminatory lending practices." (Pl.'s Mem. in Opp. at 7). Plaintiff further argues that there is no factual difference between the retaliation claim in ¶21 of the Complaint and the citation to § 3617 in the Notice of Supplemental Authorities. Plaintiff states that absent a compelling justification by Defendant, the parties can and should litigate the § 3617 claim with the discovery that has already been produced.

Defendant asserts that it would be highly prejudicial to permit Plaintiff to assert these claims given that discovery is closed, the Court has ruled on motions in limine and the case is set for trial. Defendant argues that a party should not be allowed to shift the legal basis of a claim if it would

4

prejudice the opposing party. Here, Defendant asserts that it will be prejudiced because it would have to litigate claims "that Plaintiff had before never raised" and it will be deprived of the opportunity to conduct discovery as to these "new claims". (Def.'s Mot. to Strike at 8). Defendant specifies that the following additional discovery would need to be conducted:

> Defendant would need written discovery from Peake and to take his deposition to learn at minimum: (1) the identity of the apparently multiple loan applicants Peake says he opposed discrimination against (Resp. 6, 8); (2) what he says he did that constituted opposition; (3) what causal connection he claims that asserted opposition had to his termination; and (4) what evidence, if any, he has that Defendant's reasons for his termination were a pretext for unlawful retaliation in violation of § 1981 or the FHA.

(Def.'s Reply at 4-5). Defendant further argues that, "[i]f discovery showed that Peake could not establish the requisite opposition under either statute or a connection between any asserted opposition and his termination, Defendant would be further prejudiced because it would not have the opportunity to move for summary judgment as the time allowed for doing so has passed." *Id.* at 5.

Alternatively, Defendant argues that if Plaintiff is permitted to assert relief under these other theories, prejudice results from the further protraction of discovery, during which time Plaintiff's back pay claim accrues and Defendant is deprived of the prompt resolution of the matter. Plaintiff responds that Defendant's arguments regarding prejudice are unavailing because § 1981 and § 3617 retaliation claims arise out of the same facts pled in ¶21 of the Complaint and do not require additional discovery.

Defendant argues that *Evans v. McDonald's Corp.*, 936 F.2d 1087 (10th Cir. 1991), and *Vidimos, Inc. v. Laser Lab Ltd.*, 99 F.3d 217 (7th Cir. 1996), support the contention that Plaintiff should not be permitted to assert these claims "at the last moment" in the case. (Def.'s Mot. to

Strike at 8-9). In *Evans*, a restaurant franchise employee brought sex discrimination and retaliation claims under Title VII, as well as pendent state claims, against the franchisor. In his response to defendant McDonald's Corporation's motion for summary judgment, which was filed eight months after the filing of plaintiff's amended complaint, plaintiff for the first time characterized her retaliation claim as a failure to hire claim. 936 F.2d at 1090. Although acknowledging that a plaintiff should not be prevented from pursuing a valid claim merely because it was not set out in the complaint, provided that the late shift in the thrust of the case does not prejudice the other party, the court held,

> [w]e do not believe, however, that the liberalized pleading rules permit plaintiffs to wait until the last minute to ascertain and refine the theories on which they intend to build their case. This practice, if permitted, would waste the parties' resources, as well as judicial resources, on discovery aimed at ultimately unavailing legal theories and would unfairly surprise defendants, requiring the court to grant further time for discovery or continuances.

*Id.* at 1091. The court further found that the failure to hire claim was sufficiently unique, as applied to the facts of the case, that the late shift in theories caused substantial prejudice to McDonald's. *Id.* Similarly, in *Vidimos*, eighteen months after the complaint was filed, plaintiff Vidimos, in response to defendant Wysong's motion for summary judgment, argued that defendant Wysong was liable under additional theories - assumed duty and promissory estoppel. 99 F.3d at 221. The court of appeals permitted plaintiff to proceed with the claim of promissory estoppel, finding that "Vidimos's complaint fairly breathes promissory estoppel." *Id.* at 222. The Seventh Circuit, however, expressed doubt that plaintiff could maintain its assumed duty theory, finding that nothing in the complaint touches on tort claims and a tort theory of assumed duty is not a claim a defendant in a contract case would expect to litigate. As such, the *Vidimos* court remanded the matter back to the district court to determine whether plaintiff should be permitted to pursue the assumed duty

theory.

Plaintiff, without an in-depth discussion of the cases, states that *Evans* and *Vidimos* are distinguishable from the instant case because they involve a plaintiff shifting theories. Plaintiff asserts that Defendant does not argue or point to any evidence that Plaintiff has shifted his theory of the case.

Defendant also argues that Plaintiff's claim under the FHA is precluded on res judiciata as well as statute of limitations grounds. First, Defendant argues that Plaintiff cannot establish a claim under the FHA because Judge Edmunds dismissed Plaintiff Phillip Peake's FHA claim in another case, *JAT, Inc. et. al. v. National City Bank of the Midwest, et. al.*, finding that his claim did not involve a dwelling as required by the FHA.[1]  *See JAT, Inc. et. al. v. National City Bank of the Midwest, et. al.*, Case No. 06-11937, Docket No. 20, October 27, 2006 Mem. Op. at 10.  Defendant asserts that Judge Edmunds' ruling is res judicata as to Plaintiff Peake and bars a retaliation claim under the FHA in the instant case.  Second, Defendant asserts that Plaintiff's claim under the Fair Housing Act cannot be deemed to be asserted until May 29, 2007, at the Final Pretrial Conference and therefore is not within the Fair Housing Act's two year statute of limitations.  *See* 42 U.S.C. § 3613(a)(1)(A).  Plaintiff asserts that, should the Notice of Additional Authorities not date back to the Complaint, the Notice of Additional Authorities was filed within two years of Plaintiff's discharge and thus is within the two-year statute of limitations of § 3617.  Defendant's argument that Plaintiff cannot state a claim under the FHA, or that such claim is barred on statute of limitations grounds, is better suited to a motion for summary judgment or a motion to dismiss than a motion to

---

[1] In ruling on Defendant's Motion to Dismiss in the *JAT* case, Judge Edmunds dismissed Plaintiff Peake's claims and accordingly as of October 27, 2006, Plaintiff was no longer a party in the *JAT* case.

strike and therefore these arguments will not be addressed at this time.

The central issues before the Court are whether there was notice to Defendant that Plaintiff was asserting claims under the FHA and § 1981 and whether the assertion of these claims causes any prejudice to Defendant. The Court does not find support for Plaintiff's argument that the Notice of Additional Authorities somehow relates back to the date of the filing of the Complaint. Similarly, the Court is not persuaded that any filings in *JAT*, which is not a companion case to the instant case and is a case in which Plaintiff Peake was dismissed as a party, provided notice to Defendant in the instant case of claims Plaintiff seeks to assert.

Similar to *Evans* and *Vidimos*, Plaintiff filed the Notice of Additional Authorities, which is the document that purportedly put Defendant on notice of the additional claims, over a year and a half after the filing of the Complaint. Plaintiff did not affirmatively state the intent to seek relief under these additional causes of action until the May 29, 2007 Final Pretrial Conference, which was almost two years after the filing of the Complaint. Plaintiff contends that *Evans* and *Vidimos* are distinguishable because in the instant case Plaintiff does not seek to insert additional theories, but only additional claims. Plaintiff's contention is belied by the description he provides of his theory under the FHA, as it includes a slightly different factual predicate than Plaintiff's Title VII retaliation claim. Specifically, under Plaintiff's FHA retaliation claim, Plaintiff seeks to show that he aided African-American loan applicants in the exercise of *their* rights under the FHA and that he was retaliated against as a result. In contrast, under his Title VII retaliation claim, Plaintiff's theory is that he was retaliated against for opposing the alleged discrimination of Defendant in allegedly not funding loans sought by his African-Americans clients. Although these claims utilize the same *McDonnell-Douglas* burden shifting approach, Plaintiff is incorrect in asserting that the underlying

facts are identical and that Defendant should have to proceed with the present discovery in defending against these claims. Accordingly, the Court finds that the assertion of these claims would prejudice Defendant.

The Court further finds that Plaintiff failed take sufficient steps to put Defendant, or the Court, on notice that it sought to assert claims under the FHA or § 1981. Although Plaintiff mentions retaliation claims under the FHA and § 1981 in the Notice of Additional Authorities, the Court finds that this filing did not prevent unfair surprise to Defendant. The Court itself was unaware that Plaintiff sought to assert claims under the FHA and § 1981 until the May 29, 2007 Final Pretrial Conference. As pointed out by Defendant, Plaintiff has not filed a motion to amend the Complaint to add claims under the FHA and § 1981. Further, the pleadings filed by Plaintiff, save the Notice of Additional Authorities and the Final Pretrial Order, do not indicate that Plaintiff seeks relief under two additional theories. The Court, therefore, grants Defendant's Motion to Strike and Bar Any Claim by Plaintiff Under the Fair Housing Act and 42 U.S.C. Section 1981.

Accordingly,

IT IS HEREBY ORDERED that Defendant's Motion to Strike and Bar Any Claim by Plaintiff Under the Fair Housing Act and 42 U.S.C. Section 1981 **[Docket No. 55, filed July 6, 2007]** is GRANTED.

s/ DENISE PAGE HOOD
DENISE PAGE HOOD
United States District Judge

DATED: August 28, 2007

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 28, 2007, by electronic and/or ordinary mail.

S/William F. Lewis

Case Manager