**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

PHILIP PEAKE,

    Plaintiff,

v.

Case No. 05-72520

HONORABLE DENISE PAGE HOOD

NATIONAL CITY BANK OF MICHIGAN,

    Defendant.
_____/

**ORDER DENYING MOTION TO DISMISS**

**I.    INTRODUCTION**

This matter is before the Court on Defendant's Motion to Dismiss [Dkt. # 72, filed January 25, 2008]. Plaintiff filed a responsive brief ("Response") and Defendant filed a reply brief ("Reply"). Pursuant to Local Rule 7.1(e)(2), no hearing on the motion was held.

**II.    FACTS**

Plaintiff filed the instant discrimination and retaliation suit against Defendant nearly three years ago, on June 24, 2005. The trial was scheduled to begin on January 22, 2008. On the first day of trial, Plaintiff did not appear. Plaintiff's counsel, Richard Meier, represented to the court that Plaintiff's whereabouts were unknown. Mr. Meier indicated that Plaintiff had left a voice mail with Mr. Meier on Friday, January 18, 2008, which indicated that Plaintiff was unable to proceed with trial. Mr. Meier indicated that he actually received the voice mail message from Plaintiff on Monday, January 22, 2008. Thereafter, Mr. Meier attempted to contact Plaintiff to inquire about the

voice mail, at least six times on January 21, 2008, without success. Mr. Meier was also unable to contact Plaintiff on the day of trial.

In light of the circumstances, Plaintiff's counsel requested an adjournment of the trial. Defendant requested dismissal of the action pursuant to Federal Rule of Civil Procedure 41(b). The Court adjourned the trial, set a telephonic status conference for January 25, 2008, and directed the parties to brief the issue of Rule 41(b) dismissal. During the telephonic status conference, the Court also directed Plaintiff's counsel to provide justification for Plaintiff's absence on the first scheduled day of trial.

Plaintiff's counsel submitted, by facsimile, several documents to the Court and to Defendant's counsel on January 25, 2008, which purport to explain the whereabouts of Plaintiff on the January 22, 2008 trial date. The documents do not speak to Plaintiff's specific whereabouts on the trial date. They instead note that Plaintiff was scheduled for an ultrasound and a cystoscopy test on January 21, the day *before* trial, and that Plaintiff would be unavailable for trial from January 26, 2008 to February 3, 2008.

On June 5, 2008, the Court noticed a status conference which ordered that Plaintiff personally appear with his counsel on June 30, 2008. Plaintiff did not appear. Plaintiff's counsel indicated at the June 30, 2008 status conference that his client was ready for trial, but that Plaintiff's counsel had not directed Plaintiff to appear at the status conference. On July 3, 2008, Defendant filed a motion for sanctions against Plaintiff's counsel for failing to ensure Plaintiff's appearance at the June 30, 2008 status conference.

Because Plaintiff's excuses for not appearing on the original trial date were not particularly adequate, the Court ordered Plaintiff to appear in person on July 7, 2008, to assure the Court that Plaintiff intended to proceed with trial. Plaintiff appeared in person on July 7, 2008 and was warned

that failure to appear for trial on August 19, 2008 could result in dismissal of his claims.

## III.  STANDARD OF REVIEW & APPLICABLE LAW

Rule 41(b) of the Federal Rules of Civil Procedure gives courts the authority to dismiss a case for "failure of the plaintiff to prosecute or to comply with these rules or any order of the court." Fed. R. Civ. P. 41(b); *Knoll v. American Tel. & Tel. Co.*, 176 F.3d 359, 362-63 (6th Cir. 1999). "This measure is available to the district court as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties." *Knoll*, 176 F.3d at 363 (quotations and brackets removed). A district court has substantial discretion in ruling on a Rule 41(b) motion to dismiss. *Id.*

Generally, courts look to four factors ("the *Knoll* factors") for guidance in ruling on a Rule 41(b) motion to dismiss: 1) whether the party's failure is due to willfulness, bad faith, or fault; 2) whether the adversary was prejudiced by the failure; 3) whether the party was warned that such failure could lead to dismissal; and 4) whether less drastic sanctions were imposed or considered before dismissal was ordered. *Id.* "Although typically none of the factors is outcome dispositive, it is said that a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct." *Id.* (citing *Carter v. City of Memphis*, 636 F.2d 159, 161 (6th Cir.1980)).

"Where a plaintiff does not appear at the trial date . . . Rule 41(b) dismissal is particularly appropriate." *Id.* at 364. The policy behind this rule is that "such behavior constitutes the epitome of a failure to prosecute." *Id.* (quotations removed).

3

**IV.    ANALYSIS**

At the outset, the Court makes several observations. First, more than four months after the Court ordered Plaintiff's counsel to provide justification for Plaintiff's failure to appear at trial, Plaintiff's whereabouts on the original trial date are still unclear. In the most simple terms, the Court's January 25, 2008 request was for a doctor's note, which indicated that Plaintiff was unable to appear at trial for medical reasons, but would be available for trial at some point in the future.

The Court is not convinced that this information has been sufficiently provided. Although Plaintiff's counsel has provided the Court with several documents purporting to explain Plaintiff's medical condition, those documents do not serve to satisfy the Court's January 25, 2008 request. As of the January 28, 2008 filing date of Plaintiff's responsive brief, Plaintiff's counsel indicated that the medical circumstances which prevented Plaintiff from appearing at trial "ha[ve] never been definitively determined." (Response at 4.)  To date, those circumstances remain unclear to the Court.

Second, where the party's conduct – and not the conduct of the party's counsel – is at issue in a Rule 41(b) motion, a stringent application of the *Knoll* factors is not required. *See Harmon v. CSX Transportation, Inc.*, 110 F.3d 364, 367 (6th Cir. 1997) (noting that the *Knoll* factors "have been applied more stringently in cases where the plaintiff's attorney's conduct is responsible for the dismissal.") Here, the conduct of Plaintiff's counsel is not at issue. Accordingly, a less stringent application of the *Knoll* factors will be applied to the facts of this case.

Third, Rule 41(b) is available to district courts "as a tool to effect management of . . . [their] docket[s][.]" *Knoll*, 176 F.3d at 363. The instant case was filed nearly three years ago, on June 24, 2005.

Defendant argues in its Motion that Plaintiff's failure to appear at the January 22, 2008 trial date, alone, warrants dismissal of the case. In the alternative, Defendant raises additional issues which justify dismissal. Notably, Defendant points to the Plaintiff's failure to provide a justification for his January 22, 2008 absence. Defendant also argues that a weighing of the four Rule 41(b) factors militates in favor of dismissal. Plaintiff disagrees. Plaintiff maintains that the four Rule 41(b) factors do not weigh in favor of dismissal.

The Court finds that Plaintiff's failure to appear at the January 22, 2008 trial date, alone, does not warrant dismissal at this time. *But see id.* at 364 (noting that "[w]here a plaintiff does not appear at the trial date . . . Rule 41(b) dismissal is particularly appropriate"). Accordingly, the Court will deny without prejudice Defendant's Motion.

## V. CONCLUSION

In light of the foregoing,

IT IS ORDERED that Defendant's Motion to Dismiss [Dkt. # 72, filed January 25, 2008] is **DENIED** without prejudice.

IT IS FURTHER ORDERED that Defendant's Motion for Sanctions [Dkt. # 81, filed July 3, 2008] is reserved until trial.

IT IS FURTHER ORDERED that the trial of this matter is set for August 19, 2008, at 9:00 a.m.

                S/Denise Page Hood
                Denise Page Hood
                United States District Judge

Dated: July 15, 2008

I hereby certify that a copy of the foregoing document was served upon counsel of record on July 15, 2008, by electronic and/or ordinary mail.

                S/William F. Lewis
                Case Manager